E-FILED
Wednesday, 22 September, 2021  01:20:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BENJAMIN S. FLOWERS,            )
   Plaintiff,                  )
                               )
   vs.                         )          No. 21-2102
                               )
OFFICER DOE #1, et. al.,        )
   Defendants                  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims four unidentified Decatur City Police Officers violated his constitutional rights. Plaintiff says on or about April 5, 2019, an ex-girlfriend came to the resident he was sleeping at and began to assault him. The homeowners called the Decatur, Illinois police and the officers got "everyone's version of events." (Comp., p. 4).

Plaintiff sys his ex-girlfriend falsely claimed Plaintiff had a gun and he was taken into custody. Plaintiff went to Court the next day and was surprised to learn he was charged with several allegations including possession of a gun, heroin,

1

methamphetamines, and cocaine.  Plaintiff says police did not find any of these items during his arrest.  Nonetheless, Plaintiff sat in the county jail for seven days until he was told all charges were dropped.

Plaintiff also claims the police took an unspecified amount of money from him and have refused to return it.  Plaintiff provides no other information about his claims, but he maintains he can fill in the gaps during discovery.

In an attempt to clarify Plaintiff's claims, the Court searched public records for any arrests of an individual with Plaintiff's name and date of birth in Macon County, Illinois.[1]  While there are two arrests in 2019, both occurred at the end of the year and do not appear to be related to the allegations in Plaintiff's complaint.  In addition, Plaintiff is currently incarcerated due to a drug charge in McLean County, Illinois in June of 2020.[2]  Therefore, this charge also appears unrelated to Plaintiff's claims.

To prevail on a false arrest claim, a plaintiff must show there was no probable cause for the arrest. *Williams v. City of Chi.*, 733 F. 3d 749, 756 (7th Cir. 2013). "[A]n arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that some criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect." *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010), *quoting Fox v. Hayes*, 600 F.3d 819, 837 (7th Cir. 2010).

---

[1] Macon County, IL | Case Search (judici.com) (last visited September 21, 2021).
[2] IDOC OFFENDER SEARCH, Individuals in Custody (illinois.gov), (last visited September 21, 2021)

Plaintiff maintains officers falsely arrested him because he never had a gun or drugs and the charges were dropped.

Nonetheless, Plaintiff's complaint provides little information concerning his claim.  While Plaintiff may be able to gain some additional information during discovery, Plaintiff has not even provided the name of one specific Defendant to serve, nor has he provided the specific date of his arrest, nor has he provided the address of his arrest.

It is unclear to the Court why Plaintiff does not have any of this information. Plaintiff states his arrest was on or about April 5, 2019, but there is no indication he was arrested in Decatur, Illinois nor housed in the Macon County Jail at this time.[3]  Is Plaintiff certain of the day and year?   Can Plaintiff provide the address where he was arrested?

In addition, Plaintiff was likely provided some paperwork either at the time of his arrest, or when he went to Court, or when he was released which should assist in providing his case number, a name of an officer, or the specific date of his arrest. Plaintiff should also be able to obtain a copy of the police report which would include the names of the specific officers.

The Court could serve the Decatur City Police Chief in order to identify the officers, but Plaintiff must still provide some information to assist in this process such as the date and location of his arrest. In addition, why has Plaintiff named four officers?

---

[3] Plaintiff also states the "exact date to be found upon" discovery. (Comp., p. 4)..

Were four officers involved in his arrest or taking his money?  Plaintiff should provide a description of the officers to assist in identification.

Furthermore, Plaintiff must provide more information about the missing money. How much money was taken, who took it, and when did they take it?  Was Plaintiff provided with any receipt for items taken?  Did he see an officer take his money?

Finally, the Court received Plaintiff's complaint on May 12, 2021, after the two-year statute of limitations period.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  The Court notes Plaintiff has dated his complaint on April 1, 2021, but it is unclear whether this was the date he provided it to prison officials.  Therefore, it is unclear from the face of the complaint whether his case is barred by the two-year statute of limitations period.

Since Plaintiff has not provided enough information to put the Court or the potential Defendants on notice of his claims, his complaint is dismissed pursuant to Federal Rule of Civil Procedure 8.  However, the Court will allow Plaintiff additional time to file an amended complaint.   Plaintiff's amended complaint must stand complete on its own and must not refer to any previous filing.  Plaintiff should provide as much information as possible to clarify his claim and help identify the individuals involved.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed pursuant to Federal Rule of Civil Procedure 8.

2) Plaintiff must file an amended complaint within 21 days or on or before October 14, 2021.  If Plaintiff fails to file an amended complaint on or before

4

October 14, 2021 or fails to follow the Court's directions, his case may be dismissed.

3) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address or telephone number.  Failure to provide this information could lead to the dismissal of this lawsuit.

5) Plaintiff's motions for appointment of counsel are denied with leave to renew after he clarifies his claims and Defendants [4], [13].

ENTERED this 22nd day of September, 2021.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE