E-FILED
Thursday, 31 March, 2022  11:33:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN S. FLOWERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2102 |
| | ) | |
| OFFICER DOE #1, et. al., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER #2

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. [17].

## I. BACKGROUND

Plaintiff's initial complaint was dismissed as a violation of Federal Rule of Civil Procedure 8. *See* September 22, 2021 Merit Review Order.  Plaintiff did not identify any Defendants by name or description, and it was unclear why this information was not available to him.  Plaintiff also did not provide factual support for one of his allegations. Therefore, Plaintiff was given additional time and instructions to file an amended complaint clarifying his claim.  Plaintiff has now responded with his Motion for Leave to File and Amended Complaint. [17].  The motion is granted pursuant to Federal Rule of Civil Procedure 15. [17].

## II. MERIT REVIEW

The Court is still required to "screen" the Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire

1

action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has now identified four Defendants including Decatur Police Supervisor S.P. Hagemeyer, Officer P.J. Ganley, Officer N.C. Errett, and ex-girlfriend Tashia Cunningham. Plaintiff says police were called to his residence on August 14, 2019. Plaintiff was in a verbal argument with Defendant Cunningham. Plaintiff told Defendant Officer Ganley his ex-girlfriend had hit him in the face with an unspecified object.  Defendant Cunningham told the officer Plaintiff hit her first and Plaintiff had then "retrieved a gun from the picture frame on the mantle and ran into the basement." (Amd. Comp., p. 5, 10).

Defendant Cunningham also told police she had followed Plaintiff to the basement, but he closed the door.  When she was able to enter, she saw Plaintiff no longer had the gun and she followed him to the bathroom where they were arguing when police arrive. (Amd. Comp., p. 5).

The officers found a black handgun "and near by were plastic baggies containing cocaine and methamphetamine all by an open window." (Amd. Comp., p. 5).  Police arrested both Plaintiff and Defendant Cunningham. Plaintiff was charged as an Armed Habitual Criminal, Armed Violence, Felon in Possession of a Weapon, Possession of a Stolen Weapon, possession of controlled substances, and Domestic Battery.

Plaintiff further alleges the officers took his money without due process. The attached police report indicates $344 was seized and the money was "in denominations

consistent with street sales." (Amd. Comp, p. 26). The money was inventoried and taken into evidence. The police report also states an Asset Forfeiture form was completed and a copy was provided to Plaintiff, but he refused to sign. (Amd. Comp., p. 13); *see also* 725 ILCS 150/3.2 (Drug Asset Forfeiture).

Plaintiff says he spent approximately seven days in jail "on false charges." (Amd. Comp, p. 6). While Defendants Ganley and Errett filed the charges, Plaintiff claims Defendant Hagemeyer was "complicit" because he was the supervising officer, but failed to take any steps to stop the arrest. (Amd. Comp, p. 6).

Plaintiff says the charges were later dismissed, but he provides no further details. Plaintiff also says his money was never returned. "In short, Plaintiff has wrongly been incarcerated and deprived of his personal property without due process of law." (Amd. Comp., p. 6).

To prevail on a false arrest claim, a plaintiff must show there was no probable cause for the arrest. *Williams v. City of Chi.*, 733 F. 3d 749, 756 (7th Cir. 2013). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 F. Appx 612, 615 (7th Cir. 2019)(stating that the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed' an offense." *Mustafa v. City of*

3

*Chicago*, 442 F.3d 544, 547 (7th Cir. 2006), *quoting Kelley v. Myler,* 149 F.3d 641, 646 (7th Cir. 1998*); see also Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010)(arrest is reasonable if there is probable cause that some criminal offense occurred, even if not the crime officers initially charge). "[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010). "This is not a high bar." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021)(internal quotation omitted).

Plaintiff's own complaint demonstrates the officers had probable cause to arrest him. A witness said she saw Plaintiff retrieve a gun from behind a picture frame. Officers observed the right side of the picture was slightly pulled away from the wall. (Amd. Comp., p. 10).  The witness described the gun as a black, semi-automatic weapon which might have been a 9-millimeter (mm) gun.

Officers found a black, 9 mm gun matching this description with packets of drugs nearby.  In addition, a witness told officers Plaintiff had punched her in the face before she struck back.  Whether or not Plaintiff was guilty of any of the offenses charged, officers had probable cause to arrest Plaintiff for at least possession of a weapon by a felon and domestic battery. *See Boddie v. Morales*, 2022 WL 504547, at *3 (N.D.Ind. Feb. 18, 2022)(complaint establishes probable cause for arrest and fact some charges dropped or added "does not negate the existence of probable cause at the time (plaintiff) was detained.").

Plaintiff also alleges taking his money violated his constitutional rights. However, to state a Fourteenth Amendment due process claim, "a plaintiff must establish a deprivation of property *without due process of law*; if the state provides an adequate remedy, the plaintiff cannot maintain a civil rights claim." *Davis v. Police Department of Glen Carbon, Illinois*, 2021 WL 5826284, at *2 (S.D.Ill. Dec. 8, 2021) (emphasis in original), *citing Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). "The judicial forfeiture process set forth in the statute provides him with a remedy and the availability of this procedure in state court satisfies due process requirements. Thus, Plaintiff cannot maintain a claim in this Court for the deprivation of his money without due process." *Davis,* 2021 WL 5826284, at *2.[1]

Finally, the Court notes Plaintiff cannot sue his ex-girlfriend pursuant to 42 U.S.C.§1983 because there is no indication she was a state actor nor that she conspired with a state actor. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000).

Therefore, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  The Court does not believe Plaintiff can cure the stated deficiencies with a second amended complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint is granted. [17].

---

[1] The dismissal of this claim does not affect Plaintiff's ability to pursue a state court claim, nor is it clear whether Plaintiff has previously attempted to obtain the confiscated money.

5

2) Plaintiff's Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 31st day of March, 2022.


s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE